# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | CASE NO. 1:09-cv-00544-DLB PC |
| Plaintiff, | ORDER ALLOWING PLAINTIFF TO USE FICTITIOUS NAME |
| v. | |
| JULIO CAMPOS, et. al, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On April 2, 2009, Plaintiff submitted a request to proceed as John Doe. The Court notes that Plaintiff filed his request to proceed as John Doe after he filed his complaint, motion to proceed in forma pauperis, and motion for appointment of counsel, all documents in which he identifies himself by name.[1] (Docs. 1, 2, 3 and 4).

Rule 10(a) of the Federal Rules of Civil Procedure provides: "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." The Federal Rules of Civil Procedure thus encourage openness of judicial proceedings. "[U]se of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every

---

[1] Plaintiff's motions for appointment of counsel and to proceed in forma pauperis are addressed by separate orders. Because Plaintiff identified himself in these documents, Plaintiff is addressed by name in the court orders issued.

1

complaint include names of all the parties." Doe v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations and quotations omitted). In the Ninth Circuit, the use of pseudonyms by parties is for the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. Id. at 1067-68 (internal quotations and citation omitted). The Ninth Circuit has identified three circumstances were anonymity is appropriate: 1) where identification creates a risk of retaliatory physical or mental harm; 2) where anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and 3) where the anonymous party is compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution. Id. at 1068 (internal citation omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Id. "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. The public has a right to know who is using its courts. United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008).

Upon consideration of the motion and the claims alleged by Plaintiff in his verified complaint, the Court finds that Plaintiff has shown good cause to proceed with a fictitious name. Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff may proceed using the fictitious name John Doe;
2. The Clerk of the Court is hereby directed to file and seal the request submitted April 2, 2009;
3. The Clerk's Office shall change the docket to reflect the Court's order; and
4. Plaintiff shall use John Doe when identifying Plaintiff in all further filings with the Court.

IT IS SO ORDERED.

Dated: **April 13, 2009**   /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE

2