# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | CASE NO. 1:09-cv-00544 DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| JULIO CAMPOS, et al., | |
| Defendants. | (Doc. 20) |
| / | RESPONSE DUE WITHIN TWENTY DAYS |

**Screening Order**

**I.   Screening Requirement**

Plaintiff John Doe[1] ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 23, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

---

[1] Fictitious name.

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), where the events at issue in this action allegedly occurred. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution.

### A.     Defendant Campos

Plaintiff alleges that in November 2005, inmate Navarro threatened Plaintiff to "cooperate" with defendant Campos, a Licensed Vocational Nurse at K.V.S.P. Plaintiff alleges that inmate Navarro is a "shot-caller" and that Plaintiff understood Navarro's threats as an order to subject himself to sexual exploitation by defendant Campos or face serious danger. Plaintiff alleges that he was sexually assaulted by defendant Campos on a regular basis from November to approximately December 2005 or January 2006. Plaintiff alleges that in return, defendant Campos delivered drugs to inmate Navarro.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

(1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006)

Plaintiff's allegations that defendant Campos sexually abused Plaintiff are sufficient to state a claim against him for violation of the Eighth Amendment.

**B.   Defendants Acosta, Trinh, Syed, Bindler, Tilton and Doe**

Plaintiff alleges that he reported the assault, and was later seen by defendant J. Acosta, a clinical case manager. Plaintiff states that he informed defendant Acosta of the sexual assaults and also of the fact that Plaintiff was suffering from recurring thoughts of sexual assault, depression, anxiety, paranoia, and nightmares. Plaintiff states that he was informed by defendant Acosta that Plaintiff was suffering from Post-Traumatic Stress Disorder ("P.T.S.D."). Plaintiff was then informed that CDCR did not classify P.T.S.D. as a serious medical disorder and therefore did not provide treatment for the condition. Plaintiff alleges that defendant Acosta failed to provide proper treatment.

Plaintiff alleges that defendant Bindler, the Chief Psychologist at KVSP, terminated a P.T.S.D. study group prematurely. Plaintiff alleges that defendants Trinh and Syed also diagnosed Plaintiff with P.T.S.D. but refused to provide treatment. Plaintiff alleges that defendants Tilton and Doe implemented a policy not to recognize P.T.S.D. as a serious medical disorder, thus denying Plaintiff of proper and adequate mental health treatment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

3

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Plaintiff has sufficiently alleged the existence of a serious medical need and that further harm resulted due to the delay in properly treating his P.T.S.D. Further, Plaintiff has alleged sufficient facts to allow him to proceed against Defendants Acosta, Trinh, and Syed for violation of the Eighth Amendment. Plaintiff's allegations are sufficient to support a claim that based on these defendants' knowledge of Plaintiff's sexual abuse and complaints, coupled their diagnoses of Plaintiff with P.T.S.D., these defendants may be liable under the Eighth Amendment for failure to provide adequate medical care.

Plaintiff's allegation that defendant Tilton and Doe implemented a policy not to provide treatment for P.T.S.D. is also sufficient to state a claim against them for violation of the Eighth

Amendment.

However, with respect to defendant Bindler, Plaintiff's allegation that he acted with deliberate indifference by prematurely cancelling a P.T.S.D. study group, of which Plaintiff was not a member, is not sufficient to state a claim against him. Plaintiff has not sufficiently alleged that defendant Bindler "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff has not demonstrated how defendant Bindler personally participated in depriving Plaintiff of his rights by cancelling a study group.

## III.     Conclusion and Order

Plaintiff's first amended complaint states a claim under the Eighth Amendment against Defendants Campos, Acosta, Syed, Trinh, Tilton and Doe, but fails to state a claim against defendant Bindler. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against Defendants Campos, Acosta, Syed, Trinh, Tilton and Doe, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendant Bindler be dismissed from this action, and will forward Plaintiff six summonses and six USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to file a second amended complaint, the complaint should be brief, Fed. R. Civ. P. 8(a), but he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.§ 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct.

1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **twenty (20) days** from the date of service of this order, Plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Campos, Acosta, Syed, Trinh, Tilton and Doe and Acosta on his Eighth Amendment claims; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 20, 2009**           /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE