# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE[1], | CASE NO. 1:09-cv-00544 DLB PC |
| Plaintiff, | ORDER DISMISSING DEFENDANT BINDLER FROM ACTION |
| v. | (Doc. 23) |
| JULIO CAMPOS, et al., | |
| Defendants. | |

**Order**

Plaintiff John Doe[1] ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 23, 2009. On August 20, 2009, the Court issued an order finding that Plaintiff's amended complaint states cognizable claims against Defendants Campos, Acosta, Syed, Trinh, Tilton and Doe for violation of the Eighth Amendment, but does not state any claims against Defendant Bindler. The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On September 3, 2009, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable. Based on Plaintiff's notice, this Order now issues.

---

[1] Fictitious name.

I.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.  **Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), where the events at issue in this action allegedly occurred. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution.

    A.  **Defendant Campos**

Plaintiff alleges that in November 2005, inmate Navarro threatened Plaintiff to "cooperate" with defendant Campos, a Licensed Vocational Nurse at K.V.S.P. Plaintiff alleges that inmate Navarro is a "shot-caller" and that Plaintiff understood Navarro's threats as an order to subject himself to sexual exploitation by defendant Campos or face serious danger. Plaintiff alleges that he

was sexually assaulted by defendant Campos on a regular basis from November to approximately December 2005 or January 2006. Plaintiff alleges that in return, defendant Campos delivered drugs to inmate Navarro.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006)

Plaintiff's allegations that defendant Campos sexually abused Plaintiff are sufficient to state a claim against him for violation of the Eighth Amendment.

**B.   Defendants Acosta, Trinh, Syed, Bindler, Tilton and Doe**

Plaintiff alleges that he reported the assault, and was later seen by defendant J. Acosta, a clinical case manager. Plaintiff states that he informed defendant Acosta of the sexual assaults and also of the fact that Plaintiff was suffering from recurring thoughts of sexual assault, depression, anxiety, paranoia, and nightmares. Plaintiff states that he was informed by defendant Acosta that Plaintiff was suffering from Post-Traumatic Stress Disorder ("P.T.S.D."). Plaintiff was then informed that CDCR did not classify P.T.S.D. as a serious medical disorder and therefore did not provide treatment for the condition. Plaintiff alleges that defendant Acosta failed to provide proper treatment.

Plaintiff alleges that defendant Bindler, the Chief Psychologist at KVSP, terminated a P.T.S.D. study group prematurely. Plaintiff alleges that defendants Trinh and Syed also diagnosed

Plaintiff with P.T.S.D. but refused to provide treatment. Plaintiff alleges that defendants Tilton and Doe implemented a policy not to recognize P.T.S.D. as a serious medical disorder, thus denying Plaintiff of proper and adequate mental health treatment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Plaintiff has sufficiently alleged the existence of a serious medical need and that further harm

resulted due to the delay in properly treating his P.T.S.D.  Further, Plaintiff has alleged sufficient facts to allow him to proceed against Defendants Acosta, Trinh, and Syed for violation of the Eighth Amendment. Plaintiff's allegations are sufficient to support a claim that based on these defendants' knowledge of Plaintiff's sexual abuse and complaints, coupled their diagnoses of Plaintiff with P.T.S.D., these defendants may be liable under the Eighth Amendment for failure to provide adequate medical care.

Plaintiff's allegation that defendant Tilton and Doe implemented a policy not to provide treatment for P.T.S.D. is also sufficient to state a claim against them for violation of the Eighth Amendment.

However, with respect to defendant Bindler, Plaintiff's allegation that he acted with deliberate indifference by prematurely cancelling a P.T.S.D. study group, of which Plaintiff was not a member, is not sufficient to state a claim against him.  Plaintiff has not sufficiently alleged that defendant Bindler "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.  Plaintiff has not demonstrated how defendant Bindler personally participated in depriving Plaintiff of his rights by cancelling a study group.

### III.    Conclusion and Order

Plaintiff's first amended complaint states claims under the Eighth Amendment against Defendants Campos, Acosta, Syed, Trinh, Tilton and Doe, but fails to state a claim against defendant Bindler. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claims, and has opted to proceed on the cognizable claims.  Accordingly, it is HEREBY ORDERED THAT:

1. This action shall proceed against defendants Campos, Acosta, Syed, Trinh, Tilton for violation of the Eighth Amendment; and
2. Defendant Bindler is dismissed from this action.

IT IS SO ORDERED.

Dated:   **September 23, 2009**          /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE