**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,[1] | CASE NO. 1:09-CV-00544-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (DOC. 44) |
| v. | |
| JULIO CAMPOS, et al., | ORDER GRANTING DEFENDANT TILTON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM  (DOC. 40) |
| Defendants. | |
| | ORDER DISMISSING DEFENDANTS CHIEF OF PSYCHIATRIC SERVICES, D. TRINH, NAYLA SYED, JAMES TILTON, AND J. ACOSTA FROM ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |

## I.  Background

Plaintiff John Doe[1] ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed July 10, 2009, against Defendants John Doe-Chief of Psychiatric Services, Julio Campos, J. Acosta, D. Trinh, Nayla Syed, and James Tilton for violation of the Eighth Amendment.  On February 1, 2010, Defendant James Tilton filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.[2]  (Def. Tilton Mot. Dismiss, Doc. 40.)  On February 22,

---

[1]  Fictitious name.

[2]  Defendants Julio Campos, J. Acosta, and Chief of Psychiatric Services have not been served.

2010, Plaintiff filed his opposition.  (Pl.'s Opp'n, Doc. 42.)  On April 8, 2010, Plaintiff filed exhibits in support of his opposition.  (Doc. 63.)  No reply was filed.  The matter is submitted pursuant to Local Rule 230(l).

On February 22, 2010, Plaintiff also filed a motion to strike portions of Defendant Tilton's motion.  (Doc. 44.)  Defendant filed an opposition on February 26, 2010.  (Doc. 48.)  The Court will first adjudicate the motion to strike prior to adjudicating the motion to dismiss.

## II.     Motion To Strike

Plaintiff moves to strike Defendant Tilton's motion pursuant to Federal Rule of Civil Procedure 12(f), contending that portions of Defendant's motion contains scandalous matter and that other portions are redundant.  Plaintiff first complains that Defendant in his memorandum of points and authorities wrote that "Plaintiff was sexually assaulted on multiple occasions while 'participating' in a drug smuggling 'conspiracy.'" (Def.'s Mem. P. & A. 1:23-24.)  Plaintiff contends that these statements are made in bad faith and cast a cruelly derogatory light on Plaintiff.  (Pl.'s Mot. Strike 4:17-19.)  Defendant contends that Defendant's description goes towards Plaintiff's state of mind and unwillingness to oppose the drug smuggling plot, and is relevant and material to the motion.  (Def.'s Opp'n 2:4-7.)

Motions to strike are disfavored and infrequently granted.  *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005).  A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter in the litigation.  *Id.*  Having reviewed Plaintiff's amended complaint, the Court finds that the description of the incident is taken directly from Plaintiff's complaint and is relevant as to the claims herein, namely whether Defendant Tilton implemented an allegedly deficient mental health policy.  Plaintiff's motion to strike on this ground is denied.

Plaintiff further complains that Defendant's description that "Plaintiff did not ask for help from custody staff or report the allegedly traumatic experience to medical staff because he did not want to be labeled a 'snitch'" is redundant, because it is repeated over 13 times.  (Pl.'s Mot. Strike 4:26-5:3.)  Defendant contends that it is not redundant because Plaintiff in his amended complaint listed each instance that he was sexually assaulted, and thus placed all his activities

during each assault at issue. (Def.'s Opp'n 2:17-20.) Defendant's argument is persuasive. Having put each incident of alleged sexual assault at issue, Plaintiff's actions in reporting or not reporting the assault are important to the adjudication of Plaintiff's Eighth Amendment claims, and is thus not redundant. Plaintiff's motion to strike on this ground is denied.

## II.     Motion To Dismiss - Failure To State A Claim

### A.     Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell. Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (quoting *Fontana v. Haskin*, 262 F.3d 871, 977 (9th Cir. 2001)) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'").

///

**B.     Summary of Plaintiff's Amended Complaint**

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, during the events that gave rise to this action. Plaintiff alleges that in November 2005, inmate Navarro coerced Plaintiff to "cooperate" with Defendant Campos, a licensed vocational nurse at KVSP. Plaintiff alleges that inmate Navarro is a "shot-caller" and that Plaintiff understood Navarro's threats as an order to subject himself to sexual exploitation by Defendant Campos or face serious danger. Plaintiff alleges that he was sexually assaulted by Defendant Campos on a regular basis from November to approximately January 2006. Plaintiff alleges that in return, Defendant Campos delivered drugs to inmate Navarro.

Plaintiff alleges that he reported the sexual assault in 2007, and was later seen by Defendant J. Acosta, a clinical case manager. Plaintiff states that he informed Defendant Acosta of the sexual assaults and that Plaintiff was suffering from recurring thoughts of sexual assault, depression, anxiety, paranoia, and nightmares. Plaintiff states that he was informed by Defendant Acosta that Plaintiff was suffering from Post-Traumatic Stress Disorder ("PTSD"). Plaintiff was informed that CDCR did not classify PTSD as a serious medical disorder and did not provide treatment for the condition. Plaintiff alleges Defendant J. Acosta did not provide proper treatment. Plaintiff alleges that Defendant Bindler, the chief psychologist at PVSP, terminated a PTSD study group prematurely. Plaintiff alleges that Defendants Trinh and Syed also diagnosed Plaintiff with PTSD but did not provide treatment. Plaintiff alleges that Defendants Tilton and Doe implemented a policy not to recognize PTSD as a serious medical disorder, thus depriving Plaintiff of proper and adequate mental health treatment. Plaintiff alleges a violation of the Eighth Amendment against all Defendants.

**C.     Defendant's Motion**

Defendant Tilton contends that Plaintiff fails to state a claim against him. Defendant cites to Exhibits 1 through 18 of Plaintiff's amended complaint in support of Defendant's argument. (Pl.'s Am. Compl., Exs. 1-18.) These exhibits are incorporated by reference into Plaintiff's amended complaint. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998) (holding that material properly submitted as part of the complaint may be considered on a motion to

dismiss).  Exhibits 1 through 18 indicate that Plaintiff received treatment for his depression and anxiety.  Defendant contends that Plaintiff provides no evidence that the treatment he received was constitutionally inadequate, and is anything other than a difference of medical opinion, citing to *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). (Def.'s Mot. Dismiss 10:19-22.)

Plaintiff contends that the medication he receives has been ineffective.  (Pl.'s Opp'n.) Plaintiff submits as exhibits in support several drug requests that were filed from December 2009 to January 2010, which indicate that several drugs were prescribed to treat Plaintiff's mental health.  Those exhibits, however, do not concern the events in question in this action, which occurred between 2005 and 2008.  Furthermore, the Court in a motion to dismiss for failure to state a claim may not examine materials outside the complaint and the pleadings.  *Cooper*, 137 F.3d at 622.

A mere difference of opinion between physician and patient concerning the appropriate course of treatment does not show deliberate indifference in violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2006) (citing *Jackson*, 90 F.3d at 332).  Here, Plaintiff complains that Defendant Tilton implemented a policy that does not specifically treat PTSD.  However, Plaintiff's amended complaint indicates that he did receive treatment for his depression and anxiety.  Plaintiff's amended complaint fails to indicate that his disagreement with the mental health treatment he received arises from anything other than a difference of opinion concerning the appropriate course of treatment, which does not rise to the level of deliberate indifference.

Plaintiff contends that *Jackson* is inapplicable here, because there is no different choice of treatment available.  Plaintiff misinterprets the holding of *Jackson*.  It is Plaintiff's burden to plead how the course of treatment the doctors chose was medically unacceptable under the circumstances and that it was chosen in conscious disregard of an excessive risk to his health. *Jackson*, 90 F.3d at 332.  Here, Plaintiff has not plead how the course of treatment chosen, namely treating his depression and anxiety, rather than specifically treating his PTSD, was medically unacceptable and chosen in conscious disregard of an excessive risk to his mental health.

1  Accordingly, the Court will grant Defendant Tilton's motion to dismiss for failure to state
2 a claim.
3  **D.   Defendants Syed, Trinh, Acosta, and Chief of Psychiatric Services**
4  Defendants Syed, Trinh, Acosta, and Chief of Psychiatric Services were not part of this
5 motion.[3]  The Court had originally found that had stated a cognizable claim against these four
6 Defendants for violation of the Eighth Amendment when they failed to provide mental health
7 treatment specifically for Plaintiff's PTSD.  However, having further examined Plaintiff's
8 amended complaint, the Court finds that Plaintiff has also failed to state a cognizable claim for
9 violation of the Eighth Amendment against Defendants Syed, Trinh, Acosta, and Chief of
10 Psychiatric Services.  Plaintiff's amended complaint indicates that he received treatment for his
11 depression and anxiety, if not for his PTSD.  Plaintiff has failed to plead how treatment of his
12 depression and anxiety was medically unacceptable and chosen in conscious disregard of an
13 excessive risk to his mental health.  Accordingly, the Court finds that Plaintiff has failed to state
14 a cognizable claim against Defendants Syed, Trinh, Acosta, and Chief of Psychiatric Services for
15 violation of the Eighth Amendment, and will dismiss those claims from this action.  *See* Fed. R.
16 Civ. P. 54(b) (court may revise any order before entry of judgment adjudicating all claims); 28
17 U.S.C. § 1915A(a), (b) (screening requirement for prisoner civil actions).
18  **E.   Without Leave To Amend**
19  Having re-screened Plaintiff's amended complaint, the Court must now decide whether to
20 grant Plaintiff further leave to amend.  Leave to amend should be granted unless the pleading
21 cannot possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127
22 (9th Cir. 2000) (en banc).  Here, the Court finds that Plaintiff cannot amend his complaint a
23 second time to cure the deficiencies in his claims against Defendants Tilton, Syed, Trinh, Acosta,
24 or the Chief of Psychiatric Services.[4]  Plaintiff's amended complaint indicates that he received
25 treatment for his depression and anxiety.  Plaintiff fails to plead how his difference of opinion

---

27  [3] Defendants Syed and Trinh have appeared in this action.

28  [4] Plaintiff had previously been provided with the legal standard for an Eighth Amendment claim concerning medical treatment in the Court's June 4, 2009 Order.  (Doc. 14.)

1 concerning the treatment he wants and the treatment he received demonstrates that Defendants'
2 actions were medically unacceptably under the circumstances and chosen in conscious disregard
3 of an excessive risk to Plaintiff's mental health.  Though he did not receive specific treatment for
4 his PTSD, Plaintiff pleads that he received mental health treatment for his depression and
5 anxiety.  Thus, Plaintiff pleads that Defendants Tilton, Syed, Trinh, Acosta, and the Chief of
6 Psychiatric Services provided or implemented a policy that provided some mental health
7 treatment for Plaintiff's mental health issues.  This cannot demonstrate conscious disregard of an
8 excessive risk to an inmate's mental health.  The Court cannot find any facts that would possibly
9 cure these deficiencies.  Accordingly, leave to amend will not be granted as to Plaintiff's claims
10 against Defendants Tilton, Syed, Trinh, Acosta, and the Chief of Psychiatric Services for his
11 mental health treatment.

### III.     Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to strike, filed February 22, 2010, is DENIED;

2. Defendant Tilton's motion to dismiss for failure to state a claim, filed February 1, 2010, is GRANTED;

3. Plaintiff's Eighth Amendment claim regarding his mental health treatment is dismissed with prejudice for failure to state a claim upon which relief may be granted; and

4. Defendants John Doe-Chief of Psychiatric Services, J. Acosta, D. Trinh, Nayla Syed, and James Tilton are dismissed from this action with prejudice.

IT IS SO ORDERED.

Dated:   **September 22, 2010**          /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE