# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | CASE NO. 1:09-CV-00544-DLB PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (DOCS. 21, 50, 51, 53, 68, 70, 72, 74, 75, 82, 84) |
| JULIO CAMPOS, et al., | |
| Defendants. | |

Plaintiff John Doe[1] ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding only against Defendant Julio Campos for violation of the Eighth Amendment.[2] Pending before the Court are: 1) Plaintiff's motion for preliminary injunction, filed July 29, 2009; 2) Plaintiff's Motion Ordering U.S. Marshal to personally serve Defendants Campos, Acosta, Trinh, and Syed, filed March 4, 2010; 3) Motion to Amend the Complaint regarding S. Bindler, filed March 12, 2010; 4) Plaintiff's motion ordering Defendant Tilton to serve Plaintiff at his current address, filed March 12, 2010; 5) Plaintiff's motion to file supplemental pleadings, filed May 25, 2010; 6) Plaintiff's motion to file a second amended complaint, filed May 25, 2010; 7) Plaintiff's motion for order directing U.S. Marshals to effect service of process, filed May 25, 2010; 8) Plaintiff's

---

[1] John Doe is a fictitious name.

[2] By separate order, all other Defendants were dismissed for failure to state a claim upon which relief may be granted.

1

motion for leave to serve additional interrogatories on Defendant Trinh, filed July 20, 2010; 9) Plaintiff's motion to compel, filed July 27, 2010; 10) Plaintiff's motion to compel, filed September 8, 2010; and 11) Plaintiff's motion to compel, filed September 14, 2010.

## I.     Motion For Preliminary Injunction

Plaintiff seeks specific treatment for his Post-Traumatic Stress Disorder.  (Pl.'s Mot. Prelim. Inj., Doc. 21.)  As stated in the Court's order dismissing Defendants Tilton, Syed, Trinh, and Chief of Psychiatric Services from this action, Plaintiff fails to state a claim regarding the mental health treatment he received.  Plaintiff's amended complaint indicates that he was provided with mental health treatment for his depression and anxiety.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Because Plaintiff's Eighth Amendment claim regarding his mental health was dismissed from this action with prejudice, there is no case or controversy before this Court regarding mental health treatment.  Thus, the Court lacks jurisdiction to impose a preliminary injunction for PTSD treatment.  Plaintiff's motion is denied.

## II.    First Motion For Service of Process

Plaintiff requests that the Court order the United States Marshal to personally serve Defendants Campos, Acosta, Trinh, and Syed.  This request is denied as to all Defendants.

Defendants Acosta, Trinh, and Syed are no longer Defendants in this action.  As to Defendant Campos, the Court will require Plaintiff to provide further information to assist the United States Marshal in effecting service of process.  Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995).  Accordingly, Plaintiff's motion for service of process is denied.

### III.   Motion To Amend Regarding S. Bindler

Plaintiff seeks to amend his complaint to include additional allegations that S. Bindler prematurely cancelled a PTSD group, of which Plaintiff was actually a member.  This would not change the Court's determination that Plaintiff fails to state a claim for deprivation of mental health treatment in violation of the Eighth Amendment.  Though Plaintiff may not have received specific PTSD treatment, he did receive treatment for his depression and anxiety.  S. Bindler's cancellation of the PTSD group does not demonstrate deliberate indifference to Plaintiff's mental health needs.  Accordingly, Plaintiff's motion to amend is denied.

### IV.   Motion To Serve At Address

Plaintiff requests that the Court order Defendant Tilton to serve Plaintiff at Correctional Training Facility, where Plaintiff is currently incarcerated.  Plaintiff appears to have received all filings in this action.  This motion is thus denied as moot.

### V.   Motion To File Supplemental Pleadings

Plaintiff contends that he suffers and continues to suffer from PTSD, and that his PTSD has become worse.  Plaintiff fails state a cognizable claim under the Eighth Amendment.  Plaintiff alleges that he receives treatment for his depression and anxiety, but not for his PTSD.  Plaintiff alleges that the treatment he receives is ineffective.  However, Plaintiff is at best alleging a difference of medical opinion regarding the proper treatment.  To prevail on such a claim, Plaintiff must show that the Defendants took a course of treatment that was medically unacceptable under the circumstances and that it was chosen in conscious disregard of an excessive risk to his health.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  If Plaintiff

3

continues to receive mental health treatment for his depression and anxiety, then there is no conscious disregard of an excessive risk to his mental health.  Accordingly, Plaintiff's motion to file supplemental pleadings is denied.

**VI.     Motion To File Second Amended Complaint**

Plaintiff seeks to amend his complaint to include additional claims that occurred since the filing of his first amended complaint, and to substitute Sharon Aungst as a Defendant for Chief of Psychiatric Services.  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  *Id.*  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)).  However, "'[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied,'" *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810, 103 S. Ct. 35 (1982)), and the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, the Court finds Plaintiff's amendments to be futile.  As stated previously, Plaintiff fails to state a cognizable Eighth Amendment claim for his mental health treatment.  Defendants providing treatment for Plaintiff's depression and anxiety fails to indicate deliberate disregard for Plaintiff's mental health.  *Jackson*, 90 F.3d at 332.  Accordingly, Plaintiff's motion to file a second amended complaint is denied.

///

////

4

**VII.  Second Motion For Service of Process**

Plaintiff files a second motion for service of process of Plaintiff's proposed second amended complaint by the United States Marshal on Defendants Acosta, Campos, and Aungst. Plaintiff fails to state a cognizable claim for relief against Defendants Acosta and Aungst. Plaintiff will be required to provide further information for service of process on Defendant Campos. Accordingly, Plaintiff's second motion for service of process is denied.

**VIII.  Discovery Motions**

Plaintiff filed a motion for leave to serve additional interrogatories on Defendant Trinh, and three separate motions to compel on Defendants Syed, Trinh, and Tilton. Because these Defendants have been dismissed from this action with prejudice for failure to state a claim, Plaintiff's discovery motions are denied as moot.

IT IS SO ORDERED.

Dated:   **September 27, 2010**              /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE