# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | CASE NO. 1:09-CV-00544-DLB PC |
| Plaintiff, | ORDER DENYING UNITED STATES MARSHAL'S REQUEST FOR REIMBURSEMENT |
| v. | |
| JULIO CAMPOS, et al., | (DOCS. 58, 66) |
| Defendants. | |

## I.  Procedural History

Plaintiff is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The United States Marshal ("Marshal") was directed to serve process on several Defendants, including Defendants D. Trinh, Nayla Syed, and James Tilton, pursuant to Federal Rule of Civil Procedure 4(c). Doc. 37. Pending before the Court is the Marshal's request for reimbursement of costs for effecting personal service on Defendants Trinh, Syed, and Tilton, filed March 22, 2010 and April 13, 2010. Docs. 58, 66. On May 27, 2010, Defendants filed their response to the Marshal's request. Doc. 73.

## II.  Discussion

Rule 4(d) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons . . .
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service.

1    The Marshal requests that the Court impose costs on Defendants for their failure to avoid unnecessary expenses.

### A.    Defendants Syed and Trinh

On March 22, 2010, the Marshal filed a USM-285 form indicating that a Waiver of Service form was mailed to Defendants Trinh and Syed on October 7, 2009.  Doc. 57.  Personal service was effected on March 9, 2010 with costs of $330.00 for Defendant Syed and $250.25 for Defendant Trinh.  *Id.*

Defendants Syed and Trinh contend that the failure to avoid costs occurred because a staff member responsible for return of those waivers was called away because of a death in the family, and support staff that filled in did not see the waivers.  Defendant contends that this occurrence is atypical, and requests leniency from the Court.

The Court finds that good cause exists to not impose expenses on Defendants Syed and Trinh for failing to avoid unnecessary costs.  The error appears to be on the part of the Attorney General's office representing Defendants.  The Court will thus not impose costs of personal service on Defendants Syed and Trinh.

### B.    Defendant Tilton

On April 13, 2010, the Marshal filed a USM-285 form indicating that a Waiver of Service form was mailed to Defendant Tilton on October 7, 2009.  Personal service was effected on April 6, 2010 with costs of $57.00.

Defendant Tilton contends that he appeared in this action on February 1, 2010 by filing a motion to dismiss.  *See* Mot. Dismiss, Doc. 40.  Defendant contends that pursuant to the Court's order directing the United States Marshal to effect service, "[i]n the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshal Service need not personally serve those defendants."  *See* Sept. 29, 2009 Order ¶ 6, Doc. 29.  Defendant Tilton moved for and received extensions of time to file his response to Plaintiff's complaint, thus rendering Defendant's motion to dismiss as timely.  See Def. Tilton's Mot. Extension of Time, Docs. 35, 37.  Accordingly, the Court will not impose costs of personal service on Defendant Tilton.

### III.   Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that the United States Marshal's requests for reimbursement, filed March 22, 2010 and April 13, 2010, are DENIED.

IT IS SO ORDERED.

Dated:   **March 9, 2011**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE