# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,[1] | CASE NO. 1:09-CV-00544-DLB PC |
|     Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EFFECT SERVICE OF PROCESS |
|     v. | |
| JULIO CAMPOS, et al., | |
|     Defendants. | |

Plaintiff John Doe[1] ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Julio Campos. On September 9, 2009, the Court directed the United States Marshal to effect service of process on Defendant Julio Campos. On January 25, 2010, the United States Marshal returned the complaint and summons unexecuted. The USM-285 form indicated that Defendant Campos was no longer employed by CDCR or Kern Valley State Prison. On February 2, 2011, the Court directed the United States Marshal to re-attempt service on Defendant Campos, and to contact the litigation office of CDCR for assistance if necessary. The United States Marshal attempted to serve Defendant Campos at his last known home address, but the home was unoccupied, and no forwarding address was available. On July 11, 2011, the United States Marshal returned the summons unexecuted.

---

[1] John Doe is a fictitious name.

1

1   Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

2   If a defendant is not served within 120 days after the complaint is filed, the court -
    on motion or on its own after notice to the plaintiff - must dismiss the action
3   without prejudice against that defendant or order that service be made within a
    specified time.  But if the plaintiff shows good cause for the failure, the court
4   must extend the time for service for an appropriate period.

5   Fed. R. Civ. P. 4(m).

6   "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the

7   U.S. Marshal for service of the summons and complaint and ... should not be penalized by having

8   his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has

9   failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting

10  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds*,

11  *Sandin v. Conner*, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information

12  necessary to identify the defendant, the marshal's failure to effect service is 'automatically good

13  cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th

14  Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and

15  sufficient information to effect service of the summons and complaint, the Court's *sua sponte*

16  dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421-22.

17      The United States Marshal has now twice attempted to serve Defendant Campos with

18  process, but was unsuccessful.  As Defendant Campos is the only remaining Defendant in this

19  action, dismissal of this action without prejudice is appropriate.

20      Accordingly, it is HEREBY ORDERED that

21      1.   Defendant Campos is dismissed without prejudice for failure to effect service of

22           process pursuant to Federal Rule of Civil Procedure 4(m);

23      2.   This action is dismissed without prejudice;

24      3.   All remaining motions are denied as moot; and

25      4.   The Clerk of the Court is directed to close this action.

26  IT IS SO ORDERED.

27      Dated:   **July 13, 2011**            **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE
28