# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | CASE NO. 1:09-CV-00544-DLB PC |
| Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL |
| v. | |
| JULIO CAMPOS, et al., | |
| Defendants. | |

Plaintiff John Doe[1] ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff was proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action by filing his complaint on March 23, 2009. On September 23, 2010, the Court dismissed from the action Defendants Chief of Psychiatric Services, D. Trinh, Nayla Syed, James Tilton, and J. Acosta for failure to state a claim. On July 13, 2011, the Court dismissed this action for failure to effect service of process on Defendant Julio Campos, the only remaining Defendant in the action. Plaintiff subsequently filed a notice of appeal on July 25, 2011. Doc. 100.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Court finds that Plaintiff's appeal is not taken in good faith.

Regarding Defendants Chief of Psychiatric Services, D. Trinh, Nayla Syed, James Tilton, and J. Acosta, the Court granted a motion to dismiss for failure to state a claim. The motion was filed by Defendant James Tilton. Plaintiff complained that he was not receiving treatment specifically for his Post-Traumatic Stress Disorder, but admitted that he had received treatment

---

[1] John Doe is a fictitious name.

1

for his depression and anxiety. The Court found that Plaintiff's allegations amounted at most to a difference of opinion between a doctor and patient regarding a proper course of treatment, which fails to state an Eighth Amendment claim. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2006) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). The Court also found that Plaintiff failed to state a claim against Defendants Chief of Psychiatric Services, D. Trinh, Nayla Syed, and J. Acosta for the same reasons.

Regarding Defendant Campos, on September 9, 2009, the Court directed the United States Marshal ("Marshal") to effect service of process on Defendant Julio Campos. On January 25, 2010, the Marshal returned the complaint and summons unexecuted. The USM-285 form indicated that Defendant Campos was no longer employed by CDCR or Kern Valley State Prison. On February 2, 2011, the Court directed the Marshal to re-attempt service on Defendant Campos, and to contact the litigation office of CDCR for assistance if necessary. The Marshal attempted to serve Defendant Campos at his last known home address, but the home was unoccupied, and no forwarding address was available. On July 11, 2011, the Marshal returned the summons unexecuted.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court found no good cause to further extend the time for service. The Marshal twice attempted to serve Defendant Campos, once at his last known home address. The Marshal acted diligently in their responsibilities. Plaintiff did not provide sufficient information for the Marshal to effect service. Dismissal of Defendant Campos was appropriate.

Accordingly, Plaintiff's appeal is not taken in good faith, and is frivolous. Plaintiff's in forma pauperis status is HEREBY ORDERED revoked for purposes of his appeal.

IT IS SO ORDERED.

Dated:   **August 5, 2011**              /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE